NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARON BEN-HAIM et al., : | |
| : | |
| Plaintiffs, : | Civil Action No.: 15-6669 (ES) (SCM) |
| : | |
| v. : | MEMORANDUM OPINION |
| : | |
| AVRAHAM AVRAHAM et al., : | |
| : | |
| Defendants. : | |

**SALAS, DISTRICT JUDGE**

## I.   INTRODUCTION

Presently before the Court is a Motion to Dismiss filed by Defendants Avraham Avraham, Jamela Jabareen, and Hanan Melcer (collectively, "Defendants").  (D.E. No. 16).  Plaintiff Sharon Ben-Haim,[1] proceeding *pro se*, has filed opposition, (D.E. No. 30), and Defendants submitted a reply, (D.E. No. 33).  Additionally, Plaintiff submitted a response to this Court's June 16, 2016 Order requiring Plaintiff to submit proof of his United States citizenship for purposes of establishing subject matter jurisdiction.  (D.E. No. 36).  The Court decides this matter without oral argument.  *See* Fed. R. Civ. P. 78(b).  For the following reasons, Defendants' Motion is GRANTED and this matter is dismissed with prejudice for lack of subject matter jurisdiction.

## II.   BACKGROUND

On September 4, 2015, Plaintiff, commenced this action against three judges of the courts of Israel, (*see* D.E. No. 1, Complaint ("Compl.") ¶¶ 2, 3, 20), alleging that those judges aided and

---

[1] Although Ofir Ben-Haim, Plaintiff's daughter, is listed as a plaintiff in the caption of the complaint, for the reasons discussed herein, she is not a proper plaintiff.  Accordingly, the Court uses "Plaintiff" to refer to the party who filed this action.

abetted the alleged abduction of Plaintiff's daughter, Ofir, by Plaintiff's former wife, (*id.* ¶¶ 19, 102-127, 139-142), and that those judges intentionally inflicted emotional distress on Plaintiff, (*id.* ¶¶ 102-127, 143-153). On January 4, 2016, Defendants filed the instant Motion to Dismiss Plaintiff's Complaint, arguing, *inter alia*, that no statutory basis exists for this Court's exercise of subject matter jurisdiction in this case. (D.E. No. 16-1, Defendants' Memorandum of Law in Support of Motion to Dismiss ("Def. Mov. Br.") at 13). Plaintiff filed opposition to Defendants' Motion on May 23, 2016. (D.E. No. 30). Defendants submitted a reply brief in support. (D.E. No. 33).

On June 16, 2016, this Court ordered Plaintiff to submit proof to this Court of his United States citizenship that would permit this Court's exercise of subject matter jurisdiction over his claims. (D.E. No. 35). Plaintiff filed a response to that Order on July 28, 2016. (D.E. No. 36). The issues involved in Defendants' Motion to Dismiss are now fully briefed and the matter is ripe for resolution.

### III. DISCUSSION

Defendants argue that neither federal question nor diversity jurisdiction exists over the claims in this case and, thus, no basis exists for this Court's exercise of subject matter jurisdiction. (Def. Mov. Br. at 13-16). Accordingly, Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(1).[2]

---

[2] A motion to dismiss under Rule 12(b)(1) "attacks ... the right of a plaintiff to be heard in Federal court." *Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 428 (D.N.J. 1999). When ruling on such a motion, a distinction must be made between a facial and factual attack. *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977). Here, Defendants' Motion is a facial attack because it challenges subject matter jurisdiction prior to the filing of an answer and because it challenges the existence of such jurisdiction on the basis of the pleading alone. *See Bellocchio v. New Jersey Dep't of Envtl. Prot.*, 16 F. Supp. 3d 367, 374 (D.N.J. 2014) (citing *Mortensen*, 549 F.2d at 891), *aff'd*, 602 F. App'x 876 (3d Cir. 2015). Accordingly, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007) (citing *Mortensen* 549 F.2d at 891).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). "In order to establish a basis for subject matter jurisdiction in federal court, a plaintiff's claims must establish either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332." *Gencarelli v. New Jersey Dep't of Labor & Workforce Dev.*, No. 15-3405, 2015 WL 5455867, at *1 (D.N.J. Sept. 16, 2015) (citing *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996)).

Pursuant to 28 U.S.C. § 1331, "[f]ederal question jurisdiction exists if the action 'arises under' the 'Constitution, laws, or treaties of the United States.'" *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) (quoting 28 U.S.C. § 1331). "To determine whether a case 'arises under' federal law, a court must look to the allegations of the plaintiff's 'well-pleaded complaint.'" *Id.* (quoting *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 10 (1983)). "As generally interpreted, '[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" *Id.* (quoting *Franchise Tax Bd.*, 463 U.S. at 10-11). That is, "[c]laims are deemed to arise under federal law for jurisdictional purposes if resolution of a federal question necessarily plays a significant role in the proceedings." *Rosenberg v. AT&T Emps. Fed. Credit Union*, 726 F. Supp. 573, 576 (D.N.J. 1989).

No federal question appears on the face of the Complaint. The "jurisdiction and venue" section of the Complaint appears to present allegations that are germane only to *personal* jurisdiction, not to subject matter jurisdiction. (*See, e.g.*, Compl. ¶ 32 ("Jurisdiction is proper because Defendant Avraham is coming to this District to promote the agendas of his employer,

and will be served in person in this District.  Defendant Jabareen is his subordinate.  Their actions in Israel were calculated to cause damage and harm in this District."); ¶ 35 ("Moreover, Defendants availed themselves of the jurisdiction by aiding and abetting the violation of many orders and the anti-suit order issued by the Superior Court of New Jersey.")).

Moreover, Plaintiff seeks relief under state-law theories of liability.  Plaintiff's Complaint alleges, under Count 1, that Defendants "aided a kidnapping."  (Compl. ¶ 140).  In the civil context, aiding and abetting is a common law theory of liability governed by state law.[3]  *See, e.g.*, *State, Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Int'l, Inc.*, 904 A.2d 775, 782 (N.J. Super. Ct. App. Div. 2006) ("[A]iding and abetting fraud is a cognizable civil cause of action under New Jersey law.").

Under Count 2, Plaintiff alleges intentional infliction of emotional distress, which is a tort claim also governed by state law.  *See Buckley v. Trenton Saving Fund Soc.*, 544 A.2d 857, 863-65 (N.J. 1988) (recognizing claim for intentional infliction of emotional distress under New Jersey law and discussing elements).

A federal district court does not have federal question jurisdiction over state law torts.  *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007); *see also Gilbert v. All-Stor Self Storage*, No. 06-997, 2006 WL 680986, at *2 (D.N.J. Mar. 15, 2006) (ruling that, "to the extent that [the plaintiff] is alleging a state law tort claim against the defendant, such claim is subject to dismissal for lack

---

[3] The Court notes that kidnapping is a criminal offense under New Jersey law.  *Bey v. Clementon Elementary Sch./Dist.*, No. 10-5609, 2011 WL 2973772, at *5 (D.N.J. July 21, 2011) ("[B]ecause kidnapping is not a civil offense under the law of New Jersey, this Court lacks jurisdiction over Plaintiff's kidnapping claim.").  Because Plaintiff would not have standing to bring a criminal action in this Court, *Duran v. Welfare Reform Act Cong.*, No. 14-4120, 2016 WL 1135517, at *3 (D.N.J. Mar. 23, 2016), the Court doubts that it has jurisdiction to entertain a cause of action that would require Plaintiff to prove a kidnapping took place, *see McCormac*, 904 A.2d at 784 ("A claim for aiding and abetting fraud also requires proof of the underlying tort, that is, the fraud . . . ."); *Wiatt v. Winston & Strawn LLP*, 838 F. Supp. 2d 296, 307 (D.N.J. 2012) (setting out elements for aiding-and-abetting theory in the context of a fiduciary relationship:  "a plaintiff must allege: (1) a breach of fiduciary duty; (2) the defendant's knowledge of and substantial assistance in that breach; and (3) damages resulting from the breach").

of jurisdiction," because the parties are not diverse).  Because Plaintiff seeks relief under state tort law, the Complaint does not present a federal question and, therefore, 28 U.S.C. § 1331 is not a basis for this Court's subject matter jurisdiction over Plaintiff's claims.  In order for this Court to exercise jurisdiction over this case, then, there must be diversity of citizenship between the parties.

"Diversity jurisdiction exists where there is 'complete diversity of citizenship between plaintiffs and defendants.'"  *Gencarelli*, 2015 WL 5455867, at *1 (citation omitted).  The diversity of citizenship statute provides that

> [t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
>
> (1) a citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens and subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

Here, subsections (a)(1), (a)(3), and (a)(4) clearly cannot be the basis for this Court's jurisdiction.  None of the defendants are alleged to be citizens of the United States; indeed the Complaint alleges that: Defendants "are residents of Israel," (Compl. ¶ 20); Defendant Avraham is a judge in the "District (Appellate) Court of Nazareth - ISRAEL with an address at 1 Rabin sq., Natzrat Ilit, 1776602 Israel," (*id.* ¶ 21); Defendant Jabareen is a judge in the "Family Court of Nazareth, with address at 1 Rabin sq., Natzrat Ilit, 1776602 Israel," (*id.* ¶ 22); and Defendant

5

Melcer is a judge in the "Supreme Court of Israel, with address at 1 Heichal Hamishpat Haelyon, Jerusalem Israel," (*id.* ¶ 23). So, this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) or (a)(3), because each of those subsections permits this Court's jurisdiction over an action only between "citizens of different States." Similarly, Defendants' non-United States-citizenship precludes subject matter jurisdiction under subsection (a)(4), as that subsection permits jurisdiction over actions between a foreign state as plaintiff and citizens of a State or of different States. Moreover, Plaintiff is not "a foreign state, as defined in section 1603(a)";[4] for that additional reason, this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a)(4).

Thus, the only possible basis for this Court's subject matter jurisdiction over this case is 288 U.S.C. § 1332(a)(2).

But that subsection does not provide this Court with subject matter jurisdiction either. "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be domiciled within the State." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 183-84 (3d Cir. 2008) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)). Plaintiff's Complaint alleges that he "is a resident of New Jersey," (Compl. ¶ 18), that he is "a resident of this county," (*id.* ¶ 34), that his "home" is New Jersey, (*see, e.g.*, *id.* ¶¶ 44, 48, 91), and that he is "American," (*id.* ¶ 101). But the Complaint does not allege that Plaintiff is a United States Citizen. Moreover, Plaintiff attached to his Complaint a 2011 transcript

---

[4] "A 'foreign state,' except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b)." 28 U.S.C. § 1603(a). Under subsection (b), "[a]n 'agency or instrumentality of a foreign state' means any entity--(1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country." *Id.* § 1603(b).

of proceedings in the Superior Court of New Jersey, Bergen County, which appears to state that Plaintiff is an "Israeli citizen[]."  (D.E. No. 1-1, ECF p. 16).  Finally, and most importantly, Plaintiff failed to submit proof to this Court establishing that he is a United States citizen and domiciled within New Jersey such that diversity jurisdiction might exist over this matter.  Indeed, this Court, questioning its subject matter jurisdiction over the instant action, ordered Plaintiff on June 16, 2016 to establish his United States citizenship.  Plaintiff did not submit such proof.  Because Plaintiff has failed to establish that he is a United States citizen, the Court is unable to find that he is a "citizen of a State within the meaning of the diversity statute." *See Swiger*, 540 F.3d at 183-84.  Accordingly, Plaintiff is deemed not to be a citizen of a State, and this Court does not have subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(2).

Plaintiff responded to the Court's June 16, 2016 Order by arguing that this Court "overlooked that the Court has supplemental jurisdiction over Plaintiff's claims because they are related to the claims of the other [p]laintiff, his daughter, Ofir."  (D.E. No. 36 at 1).  Plaintiff's argument appears to be that, because his daughter is a United States citizen and was a resident of New Jersey at the time of her alleged abduction, her purported ability to bring a diversity action against Defendants should extend to him through the supplemental jurisdiction statute, 28 U.S.C. § 1367(a).[5]

First, Plaintiff's daughter is not a proper plaintiff here.  She is a minor and does not have the capacity to sue.  *See* Fed. R. Civ. P. 17(b) ("Capacity to sue or be sued is determined as follows: . . . for an individual who is not acting in a representative capacity, by the law of the individual's

---

[5] "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).

7

domicile . . . ."); N.J. Ct. R. 4:26-2 ("[A] minor . . . *shall be* represented in an action by *the guardian* of either the person or the property, *appointed in this State*, or *if no such guardian has been appointed . . . by a guardian ad litem* appointed by the court in accordance with paragraph (b) of this rule."  (emphasis added)).  Further, Plaintiff's daughter has not signed the complaint as required by Federal Rule of Civil Procedure 11.  *See* Fed. R. Civ. P. 11(a) ("Every pleading . . . must be signed . . . by a party personally if the party is unrepresented. . . . "The court must strike an unsigned paper unless the omission is promptly corrected . . . ."); (Compl. at 56 (displaying Plaintiff Sharon S. Ben-Haim's electronic signature alone on behalf of himself and Ofir Ben-Haim).  Finally, Plaintiff cannot represent his daughter in New Jersey federal court.[6]  *See Woodruff v. Hamilton Twp. Pub. Sch.*, 305 F. App'x 833, 835 (3d Cir. 2009) ("[P]arents may not represent their minor children in the federal courts in this circuit." (citing *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991))).

Second, even if Plaintiff's daughter was a proper plaintiff and had signed the complaint, Plaintiff is incorrect that the supplemental jurisdiction statute provides this Court jurisdiction over the claims here.  The first sentence of 28 U.S.C. § 1367(a) states that supplemental jurisdiction may be exercised "in any civil action *of which the district courts have original jurisdiction* . . . ."  (Emphasis added).  That is, there must be an independent basis for federal jurisdiction before supplemental jurisdiction may exist.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546,

---

[6] Even if this Court granted Plaintiff's informal request to appoint an attorney to represent his daughter, (*see* D.E. No. 36 at 2-3), and granted leave to file an amended complaint wherein that attorney signed the complaint for Plaintiff's daughter, this Court would still lack subject matter jurisdiction because 28 U.S.C. § 1332(a) does not permit a non-United States citizen to be a plaintiff while other non-United States citizens are defendants, even when another plaintiff is a United States citizen.  *See Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997) ("Cases between aliens on one side and aliens and citizens on the other . . . do not fit the jurisdictional pigeonhole."); *Guan v. Bi*, No. 13-5537, 2014 WL 953757, at *6 (N.D. Cal. Mar. 6, 2014) ("[T]his case involves an alien and a United States citizen on one side and aliens on the other side.  There is no complete diversity of citizenship and, without an independent ground for jurisdiction, I cannot hear this case.").  Accordingly, the Court declines Plaintiff's request to appoint an attorney on behalf of his daughter.

554 (2005) ("In order for a federal court to invoke supplemental jurisdiction . . . , it must first have original jurisdiction over at least one claim in the action."); 13D Charles Alan Wright et al., Federal Practice & Procedure § 3567 (3d ed. 2008) ("[S]upplemental jurisdiction does not—and cannot—operate to get a *case* into federal court.  Rather, it becomes relevant only after a case has invoked an independent basis of federal subject matter jurisdiction.").  As discussed above, this Court does not have original jurisdiction over this action, because it presents no federal question, and subject matter jurisdiction is inappropriate under the diversity statute.  Accordingly, there is no basis for this Court's exercise of supplemental jurisdiction.  *See Exxon Mobil Corp.*, 545 U.S. at 554 ("Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere.").

### IV.     CONCLUSION

Because Plaintiff's Complaint does not state a federal question and because diversity of citizenship is lacking, this Court lack subject matter jurisdiction over Plaintiff's claims.  Accordingly, Defendants' Motion is granted[7] and Plaintiff's Complaint is dismissed.  An appropriate order accompanies this Memorandum Opinion.


                                                           *s/ Esther Salas*
                                                           **Esther Salas, U.S.D.J**

---

[7] Because the Court determines that it lacks subject matter jurisdiction, the Court does not examine Defendants' other asserted bases for dismissal.